ELLEN F. ROSENBLUM OSB #753239
Attorney General
CAROLYN G. WADE WSBA #37500
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 934-4400
Facsimile: (503) 373-7067
E-mail: carolyn.g.wade@doj.state.or.us

Attorneys for State of Oregon, Department of Motor Vehicles

Honorable Mary Jo Heston
Chapter 13
Hearing Date: March 31, 2020
Hearing Time: 1:00 p.m.
Hearing Location: Vancouver, WA
Response Date: March 24, 2020

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re | Chapter No. 13 |
| DAVID BRENT MORRIS, | Case No. 20-40308-MJH |
| Debtor. | RESPONSE OF STATE OF OREGON, DEPARTMENT OF MOTOR VEHICLES TO DEBTOR'S MOTION FOR ORDER TO SHOW CAUSE RE: CONTEMPT [DOCKET NO. 19] |

The State of Oregon, Department of Motor Vehicles (DMV), by and through its counsel, Senior Assistant Attorney General Carolyn G. Wade, hereby responds to the Debtor's Motion for Order to Show Cause re: Contempt. In support of its response, DMV represents as follows:

Debtor has characterized this matter claiming that DMV's actions constitute a violation of the automatic stay of 11 U.S.C. § 362(a), while, in actuality, the suspension of a driver's license by DMV is exempt from the restrictions of the automatic stay pursuant to § 362(b)(4), as a valid exercise of the state's police and regulatory power. "The theory of the exception is that bankruptcy should not be 'a haven for wrongdoers.'" *In re Universal Life Church*, 128 F.3d 1294, 1297 (9th Cir.1997) (citations omitted). *See also United States v. Nicolet, Inc.,* 857 F.2d 202, 207 (3rd Cir.1988) ("Congress recognized . . . that the stay provision was particularly vulnerable to abuse by debtors improperly seeking refuge under the stay in an effort to frustrate necessary governmental functions."); *In re Thomas*, 355 B.R. 166, 172 (N.D. Cal. 2006).

Courts interpreting the police and regulatory powers exception generally use two tests to

**Page 1 of 5** – DMV RESPONSE TO MOTION FOR ORDER TO SHOW CAUSE RE: CONTEMPT
*In re David Brent Morris*  CGW:kav/CED10156349
DEPARTMENT OF JUSTICE
1162 Court Street NE
Salem, OR 97301-4096
PHONE: (503) 934-4400

Case 20-40308-MJH    Doc 24    Filed 03/24/20    Ent. 03/24/20 13:57:44    Pg. 1 of 6

determine whether governmental agency action falls within the exception: the "pecuniary purpose" test as contrasted with the "public policy" test. *In re Universal Life Church*, 128 F.3d at 1297; *City & County of San Francisco v. PG & E Corp.*, 433 F.3d 1115, 1123–24 (9th Cir.2005). "Under the pecuniary purpose test, the court determines whether the government action relates primarily to the protection of the government's pecuniary interest in the debtor's property[1] or to matters of public safety and welfare." *PG & E Corp.*, 433 F.3d at 1125. "If the action primarily seeks to protect the government's pecuniary interest, the automatic stay applies. If the suit primarily seeks to protect the public safety and welfare, the automatic stay does not apply." *Id.* at 1124. The public policy test "distinguishes between proceedings that effectuate public policy and those that adjudicate private rights: only the former are exempted from the automatic stay." *N.L.R.B. v. Continental Hagen Corp.,* 932 F.2d 828, 833 (9th Cir., 1991), quoting *N.L.R.B. v. Edward Cooper Painting, Inc.,* 804 F.2d 934, 942 (6th Cir. 1986).[2]

      DMV's actions pass both tests; its actions were taken to protect the public safety and welfare by keeping an uninsured driver off the public roads and to effectuate the public policy of encouraging compliance with the traffic laws evidenced by the statutes described below.

      Pursuant to ORS 809.210, a court may issue notice to DMV to implement procedures under ORS 809.416 if a defendant is convicted of any traffic offense and fails or refuses to pay a fine imposed by the judge or to comply with any condition upon which payment of the fine or any part of it was suspended. Under ORS 809.416, then, a person subject to license suspension remains subject to such suspension until that person presents the DMV with notice issued by the same court showing that he has paid the fine or obeyed the order of the court or until ten years have passed, whichever is earlier. See, ORS 809.416. The statutes are part of the system created by the state legislature to enforce compliance with the traffic laws. DMV is not attempting to

---

[1] The classic "pecuniary interest" case is one where the state actor has an actual pecuniary interest—like *Archuleta v. Fairfield Communities*, 122 B.R. 128, 130 (D. Colo. 1990), where the county board filed a breach of contract action to enforce a road-building contract, and asserted that it was enforcing a contractual right related to its police powers.

[2] Which, in turn, was quoting *In re Herr*, 28 B.R. 465, 468 (Bankr. D. Me. 1983). This is a long-standing rule.

**Page 2 of 5** – DMV RESPONSE TO MOTION FOR ORDER TO SHOW CAUSE RE: CONTEMPT
    *In re David Brent Morris*                                          CGW:kav/CED10156349
**DEPARTMENT OF JUSTICE**
1162 Court Street NE
Salem, OR 97301-4096
PHONE: (503) 934-4400

Case 20-40308-MJH    Doc 24    Filed 03/24/20    Ent. 03/24/20 13:57:44    Pg. 2 of 6

collect any debt. See, *In re Thomas*, 355 B.R. 166 (N.D. Cal., 2006).

Here, debtor had been convicted of a variety of offenses, including multiple charges of driving while suspended, and the most concerning for the ongoing protection of the public, driving while uninsured. See Exhibit A, Milwaukie Municipal Court Notice of Court Action Against Driver License and Exhibit B, Notice from DMV.

Note that these statutes are not implicating a criminal offense. Given that restriction, the confirmation of a chapter 13 plan is sufficient to require DMV to reinstate most licenses. It is not the filing of a chapter 13 case that creates that requirement; it is the confirmation of the plan. Even so, that reinstatement is not permanent; it is only temporary, contingent on the debtor successfully completing the plan.

The analysis is this: a driver's obligation to pay the traffic fines imposed for a traffic infraction will be discharged in his chapter 13 case if (a) he provides for the debt in his chapter 13 plan (that is, the debt is listed in his schedules); (b) he gives notice of the bankruptcy filing to the trial court; and (c) he successfully completes his plan and obtains a discharge. 11 U.S.C. § 1328. He will discharge the traffic fines and penalties even if they were not scheduled if the state court had notice of the bankruptcy and did not object to confirmation or file a proof of claim. All creditors who receive notice of the bankruptcy are bound by the terms of the confirmed chapter 13 plan.

Requiring confirmation of a plan gives all parties confidence that the debts in question have a likelihood of being discharged. See, *In re Williams*, 158 BR 493 (Bankr. Id., 1993).

At the completion of the plan period, the traffic fines may be paid in full, partially paid, or remain entirely unpaid, depending both on the percentage of payment required to be made to general unsecured claims according to the plan, and on the debtor's ability to perform. Upon successful completion of the plan, the debtor receives a super-discharge under § 1328(a). With a super-discharge, the traffic fine or penalty will be discharged regardless of the extent to which it was paid, and the state court may take no further action to collect the debt.

**Page 3 of 5** – DMV RESPONSE TO MOTION FOR ORDER TO SHOW CAUSE RE: CONTEMPT
*In re David Brent Morris* CGW:kav/CED10156349
**DEPARTMENT OF JUSTICE**
1162 Court Street NE
Salem, OR 97301-4096
PHONE: (503) 934-4400

Case 20-40308-MJH    Doc 24    Filed 03/24/20    Ent. 03/24/20 13:57:44    Pg. 3 of 6

If a chapter 13 debtor does not successfully complete the plan, the case may be dismissed by the court, it may be converted to one under chapter 7, or the debtor may request a hardship discharge under § 1328(b). If the case converts to chapter 7 or the debtor qualifies for a hardship discharge, those debts that would be dischargeable in a chapter 7 will be discharged, but the debts that need a chapter 13 super-discharge, such as fines and penalties, which are not dischargeable under § 523(a)(7), will not be discharged.

Why is it that the confirmation of the plan is relevant? Until a plan is confirmed, there is no way to determine whether a chapter 13 super-discharge is even a realistic possibility. At any time, a debtor may convert a chapter 13 case to one under chapter 7. § 1307(a). So long as the case has not previously been converted, a chapter 13 debtor has the right to request dismissal of the case at any time. § 1307(b).

Section 525(a) protects bankruptcy debtors from discrimination by governmental units which refuse to renew a license solely because they have been debtors in bankruptcy or during the case but before the debtors are granted or denied a discharge, or because they have not paid a debt that is dischargeable. It applies only if the debt is dischargeable.

Even if the plan were to be confirmed on March 31, the Driving Uninsured suspension can only be cleared by the filing of a form SR22, Proof of Future Financial Responsibility and the payment of a $75 reinstatement fee. The $75 fee arises only if debtor chooses to apply for reinstatement. It is not a dischargeable debt under § 101.

The DMV's refusal to reinstate the debtor's license is not solely because he has been a debtor in bankruptcy or for any other reason prohibited by § 525(a). He is not being treated differently than other drivers suspended for driving uninsured. The $75.00 reinstatement fee is applicable not only to those who are or were bankruptcy debtors. It must also be paid by those whose licenses were suspended for any number of other reasons.

Decisions by other courts support the conclusion that collection of such a fee is not discriminatory under § 525(a). In *In re Norton*, 867 F.2d 313 (6th Cir. 1989), the court held that

**Page 4 of 5** – DMV RESPONSE TO MOTION FOR ORDER TO SHOW CAUSE RE: CONTEMPT
*In re David Brent Morris*　　　　　　　　　　　　　　　　　　　　CGW:kav/CED10156349
**DEPARTMENT OF JUSTICE**
1162 Court Street NE
Salem, OR 97301-4096
PHONE: (503) 934-4400

Case 20-40308-MJH    Doc 24    Filed 03/24/20    Ent. 03/24/20 13:57:44    Pg. 4 of 6

Tennessee's Financial Responsibility Act did not violate that section when it permitted a debtor to avoid license revocation by paying the same $65.00 license restoration fee which any financially irresponsible driver seeking license restoration must pay. Similarly, the court in *Duffey v. Dollison*, 734 F.2d 265 (6th Cir, 1984) held that Ohio's Financial Responsibility Act, which required the showing of future financial responsibility, as does Oregon's Form SR22, did not violate § 525(a). See, *In re Geiger*, 143 B.R. 30 (E.D. Pa., 1992).

DMV cannot lift the suspension of the Oregon driver's license of debtor unless and until his plan has been confirmed, he has completed and filed a form SR22 with DMV, and he has paid a $75 license reinstatement fee. When all three of those conditions have been met, his license can be reinstated.

DATED this 24th day of March, 2020.

ELLEN F. ROSENBLUM
Attorney General

/s/ Carolyn G. Wade
Carolyn G. Wade  WSBA #37500
Senior Assistant Attorney General
Department of Justice
Of Attorneys for DMV
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 934-4400
Facsimile: (503) 373-7067
E-mail: carolyn.g.wade@doj.state.or.us

**Page 5 of 5** – DMV RESPONSE TO MOTION FOR ORDER TO SHOW CAUSE RE: CONTEMPT
*In re David Brent Morris*   CGW:kav/CED10156349

**DEPARTMENT OF JUSTICE**
1162 Court Street NE
Salem, OR 97301-4096
PHONE: (503) 934-4400

Case 20-40308-MJH    Doc 24    Filed 03/24/20    Ent. 03/24/20 13:57:44    Pg. 5 of 6

CERTIFICATE OF SERVICE

I certify that on March 24, 2020, I served the foregoing Response of the State of Oregon, Department of Motor Vehicles to the Debtor's Motion for Order to Show Cause re: Contempt, by E-Notification through the Court's CM/ECF System, a true, exact and full copy thereof to:

- Michael G. Malaier    ecfcomputer@chapter13tacoma.org
- United States Trustee    USTPRegion18.SE.ECF@usdoj.gov
- Kevin R Vibbert    ECF@Vibbert.Law

/s/ Carolyn G. Wade
Carolyn G. Wade  WSBA #37500
Senior Assistant Attorney General

**Page 1 of 1** – CERTFICATE OF SERVICE
*In re David Brent Morris*    CGW:kav/CED10156349

**DEPARTMENT OF JUSTICE**
1162 Court Street NE
Salem, OR 97301-4096
PHONE: (503) 934-4400